UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ANTONIO JONES,**

    Plaintiff,

    v.                                          **Case No. 20-CV-746**

**ARTHUR DEGRAVE, et al.,**

    Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Antonio Jones is proceeding on claims that the defendants orchestrated a strip search to harass him and then retaliated against him by issuing him a conduct report after he complained about the strip search. (ECF No. 10.) On October 22, 2020, the defendants filed a motion for partial summary judgment. (ECF No. 16.) They move to dismiss Jones' retaliation claim on the ground that Jones failed to exhaust the available administrative remedies before he filed this lawsuit. For the reasons explained below, I will grant defendants' motion for partial summary judgment.

## FACTS

According to Jones, on September 6, 2019, the defendants accused him of stealing something from the kitchen. (ECF No. 19-2 at 11, 13.) Jones says they had no basis for their accusations; he denied taking anything and an officer found nothing

after performing a pat-down search. (*Id.*) Despite this, the defendants ordered a strip search; nothing was found. (*Id.* at 13.) That same day, Jones filed a grievance about the strip search. (*Id.* at 11, 13.) The grievance was received on September 9, 2019. (*Id.* at 11.)

A little more than a week later, on September 17, 2019, defendant Arthur Degrave wrote Jones a conduct report for disobeying orders, refusing to work, and being in an unassigned area. (ECF No. 19-4 at 2.) Jones contested the conduct report on September 18, 2019. (ECF No. 19-4 at 1.) He was found guilty and received a disposition of five days assignment without pay. (ECF No. 18 at ¶¶ 6-7.) Jones filed an "Appeal of a Contested Hearing." (ECF No. 19-4 at 1.) Jones argued, in part, that he "never disobeyed any order[.] Officer Degrave never gave [him] a direct order." (*Id.*) He also stated that he "never refused to work." (*Id.*) Jones did not argue that Degrave had issued the conduct report to retaliate against him for complaining about the strip search. (*Id.*) The warden received Jones' appeal on September 19, 2019, and affirmed the hearing officer's decision a week later on September 26, 2019. (*Id.*)

Prior to the warden's decision, Jones filed a grievance stating that he felt "as though [he is] being retaliated against by C.O. Degrave and Chef Marsha." (ECF No. 19-3 at 7.) He explained that he had not been allowed to go to work since he filed a grievance about the strip search, and Degrave issued him a baseless conduct report. (*Id.*) Jones noted that he had appealed the conduct report. (*Id.*) Jones filed his grievance on September 19, 2019, about a week before the warden decided Jones' appeal.

The next day, on September 20, 2019, the inmate complaint examiner (ICE) recommended dismissing the grievance. (ECF No. 19-3 at 2.) The ICE explained that:

> Once a conduct report is issued, the disciplinary process is invoked. Complaints which argue substantive issues regarding the conduct report are outside the scope of the [Inmate Review Complaint System] as noted under DOC 310. After receiving the disciplinary hearing paperwork, an appeal may be sent directly to the Warden. The ICE may only address procedurally based allegations of error contained in the complaints filed AFTER the Warden's decision is made on appeal, following DOC 310.06. The Warden has not yet rendered a decision on the appeal of the conduct report. Consequently, this complaint falls out of the scope of the ICRS.

(ECF No. 19-3 at 2.) The grievance was dismissed a few days later on September 24, 2019. (*Id.* at 4.) Jones did not appeal the dismissal. (ECF No. 18 at ¶ 13.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is required where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). When considering a motion for summary judgment, the court takes evidence in the light most favorable to the non-moving party and must grant the motion if no reasonable juror could find for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

3

A party asserting that a fact cannot be disputed or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A)-(B). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## ANALYSIS

The Prison Litigation Reform Act (PLRA) applies to this case because Jones was incarcerated when he filed his complaint. Under the PLRA, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). According to the Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and

4

in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

That said, a prisoner is not required to exhaust administrative remedies if those remedies are not truly "available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Administrative remedies will be deemed "unavailable" when prison officials do not respond to a properly-filed inmate complaint or when they prevent a prisoner from exhausting through affirmative misconduct, such as denying a prisoner necessary forms, destroying a prisoner's submissions, or requiring steps not mandated by regulation or rule. *See Smith v. Buss*, 364 F. App'x 253, 255 (7th Cir. 2010); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Kaba*, 458 F.3d at 684; *Dale v. Lappin*, 376 F.3d 652, 655-56 (7th Cir. 2004); *Strong v. David*, 297 F.3d 646, 649-50 (7th Cir. 2002). Failure to exhaust "is an affirmative defense, and the burden of proof is on the defendants." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The defendants assert that, to exhaust an issue related to a conduct report, an inmate must raise the issue at the disciplinary hearing and then again on appeal to the warden's office. (ECF No. 17 at 6.) Any alleged procedural deficiencies can be pursed through the inmate complaint review system (ICRS) *after* the warden decides the appeal. (*Id.*) The defendants argue that Jones failed to exhaust his retaliation claim because he did not raise it at the disciplinary hearing, he did not raise it in his appeal to the warden, he could not pursue it through the ICRS, and, even if he could pursue it through the ICRS, he did not appeal the dismissal of his grievance. (*Id.* at 8-9.)

5

Jones does not dispute that he did not raise his retaliation defense at the disciplinary hearing or in his appeal to the warden. (ECF No. 21 at 3-4.) Instead, he argues that he did not need to raise every possible legal theory to satisfy the exhaustion requirement. Jones also does not offer evidence showing that he appealed the dismissal of his grievance *or* that he filed another grievance after the warden decided his appeal.

Wis. Admin. Code § 303.77 allows an inmate to contest a conduct report on a minor disposition. The provision requires staff to offer an inmate an opportunity to make a statement. The conduct report and inmate's statement are then forwarded to a supervisor who makes a decision. *Id.* Wis. Admin Code § 303.82 allows an inmate to appeal a disciplinary decision, including procedural errors, to the warden. The warden decides the appeal; that decision is final regarding the sufficiency of the evidence, although "[a]n inmate may appeal claims of procedural errors as provided under s. DOC 310.06(2)." *Id.* Wis. Admin. Code § 310.06(2) allows an inmate "to raise issues, including civil rights claims, through the ICRS regarding . . . disciplinary actions . . . only after exhausting . . . the disciplinary appeal process under ch. DOC 303."

Jones' retaliation claim must be dismissed because he failed to exhaust the available administrative remedies before he filed his lawsuit. Jones concedes that he did not raise this issue at his disciplinary hearing or in his appeal to the warden. He argues that he did not have to raise every legal theory to satisfy the exhaustion requirement, but it is well established that an inmate must give a prison "notice of,

and an opportunity to correct, a problem." *Schillinger v. Kiley*, 954 F.3d 990, 996 (7th Cir. 2020).

In his statement in response to the conduct report and in his appeal to the warden, Jones only denies that he did what Degrave wrote him up for in the conduct report. Jones does not mention that he had recently filed a grievance against Degrave or that he believed Degrave had an improper motive for issuing him the conduct report. Without that information, the prison did not have notice of Jones' retaliation claim.

Jones *did* complain about Degrave retaliating against him in a grievance. The defendants argue that the Administrative Code did not allow Jones to raise the retaliation issue in a grievance; they say he could do so only in response to the conduct report. But even if Jones were permitted to file a grievance on this issue, he failed to exhaust the issue through the ICRS. The ICE who recommended dismissal of his grievance relied on § 310.06(2), which allows inmates to file grievances regarding disciplinary actions only *after* the warden decides the inmate's appeal. When Jones filed his grievance, the warden had not yet decided Jones' appeal. So, even if Jones could raise his retaliation claim in a grievance, he did so prematurely. Jones presents no evidence showing that he appealed the dismissal of his grievance *or* that he filed another grievance raising his retaliation claim after the warden denied his appeal.

Jones argues that it was not necessary for him to wait until after the warden decided his appeal because it was nearly certain the warden would deny the appeal. While that may be the case, it is well settled that inmates must file their inmate

7

complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Jones failed to do this, so he did not exhaust the administrative remedies. The defendants are entitled to summary judgment on this claim.

**IT IS THEREFORE ORDERED** that the defendants' motion for partial summary judgment on exhaustion grounds (ECF No. 16) is **GRANTED.**

**IT IS FURTHER ORDERED** that Jones' retaliation claim is **DISMISSED** without prejudice based on his failure to exhaust the administrative remedies.

Dated in Milwaukee, Wisconsin, this 18th day of December, 2020.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge