# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANTONIO JONES,**

    **Plaintiff,**

 v.                                              Case No. 20-CV-746

**ARTHUR DEGRAVE *et al.*,**

    **Defendants.**

## ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT/ MOTION FOR NEW TRIAL

On January 5, 2022, the court granted summary judgment in the favor of the defendants on the grounds that *pro se* plaintiff Antonio Jones failed to demonstrate that the defendants were totally without penological justification before conducting a strip search. (ECF No. 53.) Specifically, the court found that both defendants had justification to order the search because the evidence showed their concern that Jones misappropriated something from the kitchen supply closet was a reasonable concern.

On January 28, 2022, Jones filed a motion for the court to reconsider its ruling under Federal Rule of Civil Procedure 59(b) and (e). (ECF No. 55.) Rule 59(b) does not apply because Jones did not have the opportunity to have a trial in this matter. Fed. R. Civ. P. 59(e) allows a party to file a motion to alter or amend a

judgment within twenty-eight days of the court entering judgment. Jones filed his motion 23 days after the entry of judgment, so his motion is timely.

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

Jones's motion does not present any newly-discovered evidence. Jones does attach two new declarations from fellow inmates discussing how unlikely it would be for an inmate to steal from the kitchen supply closet, but this is not newly-discovered evidence. Newly-discovered evidence is evidence that Jones was not aware of at the time his response was due. *See Alicea v. Machete Music,* 744 F.3d 773, 781 (1st Cir. 2014) (citing 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2808). Jones does not explain why he was unable to produce these declarations with his original response.

Jones also does not demonstrate that the court made a manifest error of law.He contends that the court should now allow him to proceed on a Fourth Amendment claim. However, when the court screened Jones's complaint, it determined that an Eighth Amendment claim was more appropriate, and Jones never took issue with the court's findings. Also, Jones simply takes issue with the way the summary judgment materials were evaluated and considered. That is not a

2

basis for granting his motion. *See Oto v. Metropolitan Life Ins. Co.*, 244 F.3d 601, 606 (7th Cir. 2000) (holding that a motion that "merely took umbrage with the court's ruling and rehashed arguments" was properly rejected by the district court). The court denies Jones's motion for reconsideration.

**IT IS THEREFORE ORDERED** that Jones's motion to alter or amend the judgment (ECF No. 55) is **DENIED.**

Dated at Milwaukee, Wisconsin this 23rd day of May, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge